```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ARTHUR ALAN WOLK, et al.        :       CIVIL ACTION
                                :
        v.                      :
                                :
WESTPORT INSURANCE CORPORATION  :       No. 06-cv-05346-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                      September 25, 2008

        Plaintiffs claim that the defendant breached its professional liability insurance policy by declining to defend plaintiffs against what plaintiffs assert was a claim made against them, covered by the policy, and what defendant asserts was, at most, merely a potential claim which never was actually asserted.

        Plaintiff Arthur Alan Wolk is an attorney.  He litigated a tort (wrongful death) case in state court.  His client, Albert Eigen, was the personal representative of the decedents' estates.  That state-court action involved claims that the several defendants had provided defective products which, in combination, contributed to the crash of an airplane and the deaths of the plaintiff's decedents.

        Mr. Wolk negotiated a substantial settlement of that action, but one of the defendants later asserted that the settlement agreement should be invalidated because, allegedly, Mr. Eigen and plaintiff had misrepresented the amount of insurance available from other sources.  In a "Petition for

Relief," the defendant in the state-court action sought to set aside the settlement and/or to obtain a refund of part of the settlement which it had contributed.  Plaintiff was not a party to the state-court action, and the petition asserted no claim for damages against him, but alleged that he and his client had fraudulently induced the settlement.

In the state-court action, the trial court dismissed the defendant's contentions, and enforced the settlement.  On appeal to the Superior Court of Pennsylvania, however, that decision was reversed.  The case was remanded to the trial court for an evidentiary hearing, so that the facts could be fully examined.  The Superior Court opinion expressed serious concerns about whether Mr. Wolk and his client had acted improperly.

The state trial court ultimately exonerated Mr. Wolk and his client from any impropriety, and confirmed the agreed-upon settlement.  Mr. Wolk asserts, however, that he expended large sums of money in counsel fees in connection with the state-court proceedings following remand from the Superior Court.

The present case was initially filed in Common Pleas Court, but was removed to this Court on December 6, 2006. Shortly thereafter, the defendant filed a motion to dismiss.  On January 29, 2007, I granted the motion to dismiss, but inadvertently referred to it as a motion for summary judgment. As stated in that Order, I concluded that it was clear that the

pleadings disclosed that no "claim" within the terms of the insurance policy had ever been asserted against Mr. Wolk, hence there was no obligation to provide a defense.  The Court of Appeals for the Third Circuit reversed that decision, because I had not formally advised the parties that I was considering it as a motion for summary judgment, and because I did not hold a hearing.

Following the remand from the Third Circuit, the parties were formally notified that the Court intended to treat the pending motion to dismiss as a motion for summary judgment, and a hearing has been held.  No additional or different facts have been disclosed at the hearing; the factual record is identical to the record before the Court back in December 2007.

If I were free to do so, I would again dismiss this action.  In order to trigger a duty to defend, plaintiff must establish that there was a "claim" against an "insured."  The policy defines the term "claim" to mean "a demand upon any insured for loss."  In my view, no demand or any other claim for damages or other loss has ever been made against Mr. Wolk.  But my view cannot prevail, because the opinion of the Court of Appeals includes the following:

> "In making this finding [that no claim has ever been actually made against Mr. Wolk], the District Court may have overlooked the fact that the Superior Court had vacated the trial court's denial of the petition for review and remanded for an evidentiary

>     hearing to determine whether Wolk and Eigen
>     had committed fraud in the inducement to
>     effect a settlement.
>
>     ...
>
>     Viewing the facts in the light most favorable
>     to Wolk, as a non-moving party, Precision's
>     petition for review, as construed by the
>     Superior Court, demonstrates that there may
>     be a genuine issue of fact in dispute about
>     whether Wolk was entitled to a defense under
>     the policy against Precision's claim that he
>     was guilty of fraud in the inducement.  We
>     cannot conclude from this record that no
>     rational fact-finder could determine that
>     Wolk failed to give Westport written notice
>     of Precision's claim against him.  The
>     District Court erred in determining the truth
>     of this factual dispute."

The fact that the Court of Appeals did not cite the relevant provisions of the policy does not permit this Court to ignore the apparent conclusion that the "petition for review," in an action to which Mr. Wolk was not a party, should be construed as if it were a claim for monetary damages against him, or, at least, that the Pennsylvania Superior Court so construed it.

Since the facts now of record are precisely the same as they were when the Court of Appeals rendered its decision, I am required to deny defendant's motion for summary judgment.

An Order follows.

4

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ARTHUR ALAN WOLK, et al.        :      CIVIL ACTION
                                :
           v.                   :
                                :
WESTPORT INSURANCE CORPORATION  :      No. 06-cv-05346-JF
```

ORDER

AND NOW, this 25th day of September 2008, upon consideration of defendant's motion for summary judgment and plaintiffs' response,

IT IS ORDERED that, for the reasons set forth in the accompanying Memorandum, the defendant's motion is DENIED.


                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        John P. Fullam, Sr. J.