IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARTHUR ALAN WOLK and ARTHUR ALAN WOLK ASSOCIATES d/b/a THE WOLK LAW FIRM | : : : : | CIVIL ACTION |
|---|---|---|
| v. | : : : | |
| WESTPORT INSURANCE CORPORATION | : | NO. 06-cv-5346-JF |

MEMORANDUM

Fullam, Sr. J.                                                August 9, 2010

      The plaintiffs in this case, Arthur Alan Wolk, an attorney, and his law firm have sued their former professional liability insurer, Westport Insurance Corporation, asserting that it breached the terms of their insurance contract by failing to provide the plaintiffs with a defense when claims allegedly were asserted against them in connection with their representation of a client in a state court lawsuit.

      In state court, the plaintiffs litigated a wrongful death case arising out of an airplane crash. Albert Eigen, the personal representative of the decedents' estates, hired the plaintiffs to represent him. In January 2004, the plaintiffs negotiated a settlement on behalf of Mr. Eigen with several defendants whose equipment allegedly contributed to the crash. A few months later, one of the defendants, Precision Airmotive Corporation, filed a petition for relief from the settlement. The petition did not name the plaintiffs as parties, but it argued that the plaintiffs and Mr. Eigen had misrepresented the

amount of insurance available from other sources and had fraudulently induced the settlement.

In May 2004, the trial court denied Precision's petition for relief and enforced the settlement. That decision was appealed. On April 20, 2005, the Superior Court of Pennsylvania reversed and remanded for an evidentiary hearing, expressing serious concerns about the conduct of Mr. Eigen and the plaintiffs. The trial court ultimately determined that neither the plaintiffs nor Mr. Eigen had engaged in misconduct, denied the petition, and confirmed the settlement.

In the present case, the plaintiffs have asserted claims for breach of contract, bad faith, and quantum meruit, arising out of the defendant's decision not to defend the plaintiffs in the state court proceedings. At the outset, I granted the defendant's motion to dismiss, which I inadvertently referred to as a motion for summary judgment. I determined that the plaintiffs were not entitled to a defense because, among other reasons, no "claim" had actually been asserted against the plaintiffs. That ruling was appealed to the Third Circuit, which reversed and remanded, holding in part that:

> In making this finding [that no claim has ever been actually made against Mr. Wolk], the District Court may have overlooked the fact that the Superior Court had vacated the trial court's denial of the petition for review and remanded for an evidentiary hearing to determine whether Wolk and Eigen had committed fraud in the inducement to

2

> effect a settlement.
>
> . . .
>
> Viewing the facts in the light most favorable to Wolk, as a non-moving party, Precision's petition for review, as construed by the Superior Court, demonstrates that there may be a genuine issue of fact in dispute about whether Wolk was entitled to a defense under the policy against Precision's claim that he was guilty of fraud in the inducement. We cannot conclude from this record that no rational fact-finder could determine that Wolk failed to give Westport written notice of Precision's claim against him. The District Court erred in determining the truth of this factual dispute.

On remand, the parties submitted supplemental briefs and I held a hearing. I determined that the defendant's motion for summary judgment must be denied because the facts of record were "precisely the same as they were when the Court of Appeals rendered its decision."

The defendant has again moved for summary judgment arguing that it has discovered new evidence showing that it had no duty to provide a defense. First, the defendant has submitted a January 4, 2006 letter sent by Precision's counsel to the discovery master appointed to conduct the evidentiary hearing in the state court proceeding. The letter states:

> Precision never made an allegation of fraud against Mr. Wolk before Judge Colins or the Superior Court. Fair reading of all Precision's pleadings both before the trial court and Superior Court reveals that Precision always maintained that the <u>estates</u> and/or their agents failed to disclose the

3

> insurance at issue, not that Mr. Wolk (or Mr.
> Stoll or Mr. Ford for that matter) in
> particular had committed fraud.

The defendant also submits an email sent by one of the plaintiffs' employees, Cheryl DeLisle, to the plaintiffs' insurance broker. The subject line of that email states: "Potential Prof Liability Claim." Again, the defendant argues that this shows that a claim was never asserted against the plaintiffs, at most there was a potential claim, and the plaintiffs were aware of that fact.

In response, the plaintiffs submit one of the defendant's internal documents, which states, in reference to the plaintiffs, that:

> The implied dishonesty of the Insd's conduct
> and the vehemence of the Appt Ct opinion
> makes me a little nervous. However, this is
> an evidentiary hearing before a judge, not a
> jury. Worst case scenario the damage model
> is $1.33 million. Chances of the Insd being
> held liable approx. 10% so I am setting
> initial reserves at $150K.

The plaintiffs argue that this evidences that the defendant believed that plaintiffs could be held liable, and therefore the defendant's position that a claim was not asserted against the plaintiffs was simply not true.

The defendant also, for the first time, raises several additional defenses. First, the defendant argues that it did not have a duty to defend because the alleged claim was made, if at all, before the policy's inception on March 16, 2005. The

4

insurance policy is a "claims-made and reported" policy, which limits coverage to "CLAIMS first made against any INSURED during the POLICY PERIOD." The defendant argues that if a claim was made against the plaintiffs, it happened when Precision filed its petition for relief from the settlement agreement with the trial court on March 18, 2004, which is outside of the policy period.

Second, the defendant asserts that the policy's "prior knowledge exclusion" bars the plaintiffs' claims. The "prior knowledge exclusion" denies coverage for claims arising from:

> [A]ny act, error, omission, circumstance, or PERSONAL INJURY occurring prior to the effective date of this POLICY, if any INSURED at such effective date knew or could have reasonably foreseen that such act, error, omission, circumstance or PERSONAL INJURY might be the basis of a CLAIM[.]

The defendant contends that it is undisputed that the fraudulent inducement claims asserted in Precision's petition for relief arose sometime before the settlement occurred in January 2004. And again, the defendant argues that the plaintiffs knew that a claim had been made against them on March 18, 2004, when Precision filed its petition for relief.

In my view, the "new" evidence offered by the defendant does not support summary judgment. There is a genuine factual dispute whether a claim was asserted against the plaintiffs. The plaintiffs have offered evidence in rebuttal, and the record has not significantly changed since I ruled on the defendant's

previous motion for summary judgment.

The dismissal of the plaintiffs' claims on the basis of one of the asserted defenses would be equally inappropriate. Before it can be determined whether the claim was made before the inception of the policy or is otherwise barred by the "prior knowledge exclusion," the fact-finder must determine at what point a claim was allegedly asserted against the plaintiffs, if at all, and when the plaintiffs had knowledge of the claim, questions for which the current factual record is either insufficient or in dispute. The Pennsylvania Superior Court's opinion was issued on April 20, 2005, during the policy period. Consistent with the Third Circuit's view that "Precision's petition for review, as construed by the Superior Court, demonstrates that there may be a genuine issue of fact in dispute about whether Wolk was entitled to a defense under the policy," I cannot say as a matter of law that the alleged claim was made against the plaintiffs outside of the policy period. The defendant's motion for summary judgment is denied.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam,  Sr. J.