IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ARTHUR ALAN WOLK, et al.          :          CIVIL ACTION
                                  :
            v.                    :
                                  :
WESTPORT INSURANCE CORP.          :          NO. 06-cv-5346-JF


MEMORANDUM


Fullam, Sr. J.                                    December 21, 2010


        Plaintiffs have brought suit against their former
professional liability insurer for failing to provide Plaintiffs
with a defense when claims were allegedly asserted against
Plaintiffs in a state court case. Plaintiffs have asserted a
claim of bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371, in
connection with which Plaintiffs served a subpoena for documents
from third-party respondent USI Insurance Services d/b/a
Bertholon Rowland, Inc. ("USI"), the insurance broker for the
policy at issue. USI objected to the subpoena and did not produce
any documents, and Plaintiffs have now filed a motion to compel.

        Plaintiffs' subpoena for documents requests information
about other lawyers' reasons for selecting Defendant's policy,
complaints lodged by other lawyers regarding the policy or USI's
practices, and documents pertinent to Plaintiffs' particular
policy. Plaintiffs argue that these documents are relevant to the
claim of bad faith because they allegedly would demonstrate a
continuing course of conduct by the defendant-insurer that would

support a finding that the insurer had a "motive of self interest or ill-will" in denying Plaintiffs' claim.

I will deny the motion to compel. The bad faith statute looks to whether the insurer "acted recklessly or with ill will *in a particular case, not whether its business practices are reasonable in general*." <u>Hyde Athletic Indus., Inc. v. Cont'l Cas. Co.</u>, 969 F. Supp. 289, 307 (E.D. Pa. 1997) (emphasis added). Information regarding other lawyers, in addition to implicating privacy concerns, is not relevant to the insurer's conduct in this case. As for the information regarding Plaintiffs' particular policy, USI has submitted a declaration stating that it does not have any responsive documents, as it did not underwrite Plaintiffs' policy.

An order will be entered.

BY THE COURT:


 /s/ John P. Fullam
John P. Fullam, Sr. J.